IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 28 PM 3:31

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

EDWARD TUCKER,

    Plaintiff,

vs.                                    No. 04-2958-Ma/An

SHERIFF BILL KELLY,

    Defendant.

---

ORDER OF DISMISSAL
AND
ORDER ASSESSING $150 CIVIL FILING FEE

---

Plaintiff Edward Tucker, Tennessee Department of Correction ("TDOC") prisoner number 140105, who was, at the time he commenced this action, an inmate at the Fayette County Jail in Somerville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the Eastern Division of this district on November 5, 2004. Chief Judge James D. Todd issued an order on November 16, 2004 transferring the case to this division, where it was docketed on November 22, 2004. The Court issued an order on April 20, 2005 directing the plaintiff, within thirty days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or pay the $150 civil filing fee.[1] The plaintiff's copies of that order and the in forma pauperis affidavit were returned by the post office on May 13 and 17, 2005 with the notation that they were undeliverable as addressed. Because the order and affidavit were sent to an address other than the one supplied by

---

[1] The Court's April 21, 2005 order erroneously stated that the Jail was located in Covington, Tennessee.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-29-05

5

the plaintiff when he filed his complaint,[2] the Court issued an order on June 1, 2005 directing the Clerk to send the previous order to the plaintiff's address of record and extending the time to respond to the April 21, 2005 order. The plaintiff's copy of this order was returned on June 24, 2004 with a notation that the plaintiff is no longer to be found at that address. To date, the plaintiff has not supplied the Court with a forwarding address, and he has not inquired about the status of this action.

Although the plaintiff's current prison assignment is available from the TDOC website, there are two separate mailing address for prisoners at the Brushy Mountain Correctional Complex ("BMCX"), depending on their security classification. This Court will not speculate as to the plaintiff's likely security classification. Keeping the Court informed of his current mailing address is the most basic responsibility of a litigant. Accordingly, the Court DISMISSES this action, without prejudice, for failure to prosecute.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997); cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Under the PLRA, all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[3] The

---

[2] This plaintiff commenced several lawsuits at approximately the same time using different mailing addresses.

[3] Because this action was commenced prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has not submitted either an in forma pauperis affidavit or a certified trust fund account statement. He has not, therefore, established that he is eligible to take advantage of the installment payment provisions of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall withdraw from the plaintiff's trust fund account the sum of $150 and forward that amount to the Clerk of this Court. If the funds in plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into the plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since

3

the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on the plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the BMCX. The Clerk is further ORDERED to forward a copy of this order to the warden of the BMCX to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this 28th day of July, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:04-CV-02958 was distributed by fax, mail, or direct printing on July 29, 2005 to the parties listed.

---

Edward Tucker
140105
P.O. Box 219
Somerville, TN 38068

Honorable Samuel Mays
US DISTRICT COURT